# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PRESTON JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-CV-00213-DGK |
| ) | |
| DAVID MICHAEL BYRN ) | |
| and LAVERNE D. DAILEY, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

This action involves Defendants' roles in the placement of Plaintiff Preston Jenkins's ("Jenkins") child into protective custody. Jenkins filed this action and a motion to proceed in forma pauperis on March 23, 2017 (Doc. 1). Before the Court could rule on his motion, Jenkins paid the $400 filing fee.

After a review of Jenkins's complaint and its attachments, the Court finds the *Rooker-Feldman* doctrine deprives it of subject matter jurisdiction over Plaintiff's purported federal claim. Because the Court lacks subject matter jurisdiction over the purported federal claim, it cannot exercise supplemental jurisdiction over Jenkins's state law claim. Accordingly, this case is DISMISSED WITHOUT PREJUDICE.

## Background[1]

This matter arises out of state family court proceedings in the Circuit Court of Jackson County. The Court outlines only the facts relevant to the instant dispute, which it gleans from Jenkins's complaint (Doc. 1-1) and its attachments (Doc. 1-2).

---

[1] The Court gleans these facts from Jenkins's complaint (Doc. 1-1) and its attachments.

1

In September of 2016, Jenkins's minor son was committed to his custody for a probationary period during which Jenkins was subject to the supervision of the state family court. Mot. for Expedited Case Rev. (Doc. 1-2 at 7). On January 23, 2017, Laverne D. Dailey ("Dailey"), a deputy juvenile officer for the Circuit Court of Jackson County, filed a motion for expedited case review regarding this placement. *Id.* In her motion, Dailey asserted that she had "concerns [regarding] the juvenile's home life and placement with his father." *Id.* For example, Jenkins had "displayed bizarre behaviors such as calling the Juvenile Probation Officer at 3a.m., [and] making threats to sue the Officer for harassment." *Id.* She also noted that she had concerns about "Jenkins's mental health and obsession over past events." *Id.* Dailey requested expedited case review "to change placement of the child from his father to . . . the juvenile's adult sister" and to put additional services into place "in order to secure safety and eventually reunify the child with his father." *Id.*

On February 15, 2017, Judge David Michael Byrn ("Judge Byrn") granted Dailey's motion and held a case review hearing. J. Upon Case Review Hearing (Doc. 1-2 at 4). After the hearing, Judge Byrn entered an order finding it unnecessary "for the parents to have attorneys appointed for them in order to proceed with a full and fair hearing," and placing Jenkins's son in the probationary custody of Brittany Jones. J. Upon Case Rev. Hearing (Doc. 1-2 at 4). Judge Byrn further ordered that Jenkins's son undergo a psychiatric evaluation and be provided individual therapy. *Id.*

Jenkins then filed the instant suit in federal court.

**Standard**

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

2

(1994). "[I]t is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte . . . ." *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971).

Plaintiff here attempts to invoke federal question jurisdiction under 28 U.S.C. § 1331. But, even where § 1331 seems to create subject matter jurisdiction, the *Rooker-Feldman* doctrine[2] may preclude the exercise of federal jurisdiction. With the exception of habeas claims, this doctrine "precludes lower federal courts from exercising judgment over actions seeking review of, or relief from, state court judgments." *Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016).

Specifically, the *Rooker-Feldman* doctrine applies to cases: (1) brought by the party that lost in state court; (2) complaining of injuries caused by state court judgments; (3) rendered before the district court proceedings commenced; and (4) inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005).

**Discussion**

Jenkins now challenges Judge Byrn's custody decision, alleging: (1) a violation of his constitutional rights by Judge Byrn; and (2) a state law libel claim against Dailey for the statements made in her motion for expedited review. After review, the Court finds that all four *Rooker-Feldman* requirements are met, and the Court lacks jurisdiction over Jenkins's claim against Judge Byrn. First, Jenkins's son was placed into protective custody pursuant to Judge Byrn's February 15, 2017, order, and against Jenkins's wishes. This means Jenkins "lost" at the

---

[2] This doctrine borrows its name from two Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

state court level.  Second, Jenkins is complaining of an injury—the removal of his son from his custody—that stems directly from Judge Byrn's custody order.  Third, Judge Byrn's order was entered on February 15, 2017, more than a month before Jenkins filed this action.  Finally, the fourth element is satisfied because in order to prevail in his lawsuit, the Court must review and reject the state court judgment.  Thus, the *Rooker-Feldman* doctrine divests the Court of jurisdiction in this matter and Plaintiff's claim against Judge Byrn is dismissed for lack of subject matter jurisdiction.

Jenkins's only remaining claim is a state law claim for libel.  Because the Court does not have original jurisdiction over any claim in this case, it cannot exercise supplemental jurisdiction over Jenkins's libel claim.  *See* 28 U.S.C. § 1367.

## Conclusion

For the reasons set forth above, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  May 16, 2017 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT